UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ORALIA DIAZ, | § |
|     Plaintiff | § |
| v. | § |
| | §   CIVIL ACTION NO. 4:12-cv-2238 |
| DONERAKI RESTAURANTS, INC., | § |
| | § |
|     Defendant | § |

# COMPLAINT

Plaintiff Oralia Diaz brings this cause of action against Doneraki Restaurants, Inc. ("Doneraki"). Ms. Diaz respectfully shows that the restaurant at the Fulton location ("Fulton Doneraki") is not accessible to individuals with mobility disabilities, in violation of state and federal law.

## STATEMENT OF CLAIM

1. Ms. Diaz, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act ("TABA"), Tex.Gov't. Code §469, and Chapter 121 of the Texas Human Resources Code, Tex.Hum.Res. Code §121.001 *et seq.* ("Chapter 121").

2. Defendant refused to provide Ms. Diaz and others similarly situated with an accessible entrance to its restaurant on Fulton, thereby denying her the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at Doneraki.

JURISDICTION AND VENUE

3. This action is brought pursuant to Title III of the ADA, TABA, TAS, and Chapter 121. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 2201. Ms. Diaz further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to consider her state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in the City of Houston, Harris County, wherein the Fulton Doneraki is located.

PARTIES

5. Oralia Diaz has mobility impairments and uses a wheelchair. She is a "qualified individual with a disability" within the meaning of ADA Title III and a "person with a disability" within the meaning of Chapter 121.

6. Defendant Doneraki Restaurants, Inc. owns and operates the Doneraki restaurant located at 2836 Fulton St, Houston, Texas, 77009. As "a restaurant, bar, or other establishment serving food or drink," the restaurant is a public accommodation within the meaning of Title III of the ADA and TABA. *See* Tex.Gov't Code §469.003(a)(4) (applying TAS to buildings defined as public accommodations under the ADA). It is also a public facility within the meaning of Chapter 121. Tex.Hum.Res. Code §121.003. Defendant can be served process through its registered agent, Cesar Rodriguez, at 6807 Sherman St., Houston, Texas 77011.

FACTS

7. Ms. Diaz developed polio at the age of three, and her mobility has decreased over the years. She used to be able to walk with some assistance, but for the past several years she has used a wheelchair. Ms. Diaz is determined not to let her mobility impairments keep her from living a normal, active social life.

8. One evening in or around Spring 2011, Ms. Diaz attempted to meet a person for a date at the Fulton Doneraki for dinner. That person confirmed that the Fulton Doneraki did not have accessible parking, so he paid an attendant to meet Ms. Diaz in the parking lot and make sure that nobody parked next to her throughout the evening — thus ensuring that Ms. Diaz could exit and enter her van even though there is no access aisle at the Fulton Doneraki.

9. Once Ms. Diaz arrived, the attendant helped her maneuver around to the front of the restaurant entrance. Once there, they saw that the entrance was elevated about eight inches from the sidewalk and there was no access ramp over the step. Ms. Diaz was surprised and disappointed to find the entrance was inaccessible to people with wheelchairs. She had been to the Fulton Doneraki before, prior to its remodeling. Though at that time she had been able to walk with assistance, she remembered that the entrance was not elevated. Ms. Diaz was saddened that the Fulton Doneraki had become less accessible since her last visit.

10. The attendant went inside the restaurant to get the manager to assist Ms. Diaz. Ms. Diaz asked the manager if there was some other entrance she could access. The manager confirmed that there was no way for her to enter the restaurant unless she was willing to have one of his staff physically pick her up and carry her into the restaurant. Ms. Diaz's friend looked uncomfortable and embarrassed, and many restaurant patrons were already staring at Ms. Diaz as she talked to the manager. Ms. Diaz did not want to be made into even more of a spectacle, and so she declined the manager's offer to physically lift and carry her into the restaurant. She then left the restaurant.

11. Normally, Ms. Diaz would never want to return to a restaurant after such a humiliating experience, but Fulton Doneraki was a favorite meeting spot for her friends and family. Everyone loved the food, atmosphere, and music. Therefore, Ms. Diaz tried several times to talk with the general manager of Fulton Doneraki about making it more accessible. She has

made phone calls and sent a letter requesting accommodation, but Doneraki has always either refused or ignored her requests. On one occasion shortly after attempting to meet her date, she spoke to the manager of the Fulton Doneraki, a Mr. Martinez, who told her that the general manager would get back to her. The general manager never contacted Ms. Diaz.

12. Ms. Diaz's niece invited Ms. Diaz to her graduation celebration. Another family member was planning the event, and arranged to hold the celebration on June 2, 2012, in the party room of the Fulton Doneraki. The party planner was forced to change the venue in order to allow Ms. Diaz to attend. The party planner went to the restaurant and to see if the party room would be accessible to Ms. Diaz if she managed to make it into the restaurant. She found that the party room was not accessible due to a step about 3.5 inches high inside the restaurant. The party planner asked if the restaurant could accommodate Ms. Diaz, but the restaurant refused.



3.5 inch step in front of party room
and bathrooms

13. The party planner also confirmed that the bathrooms were inaccessible to people who use wheelchairs. The bathrooms are also beyond the 3.5-inch step that blocks the party room. Additionally, there are two more steps blocking the bathrooms. The first is about 6.5 inches high,

and the second is about 3.5 inches high. Installing a ramp or otherwise making the bathrooms accessible is readily achievable and not technically infeasible.



6.5 inch step and 3.5 inch step
before bathrooms

14. Further, the door to the bathrooms is about only about 29 inches wide and the entryway and steps to the doors are only about 30 inches wide. This is too small for many people using wheelchairs to maneuver through. The ADA requires that doors and accessible routes be at least 32 inches wide. Widening the door and path to the bathrooms is readily achievable and not technically infeasible.

15. Based on information and belief, there is still no accessible parking at the Fulton Doneraki parking lot. There is one space that has a faded accessibility symbol, but it is not wide enough to be accessible. It has no access aisle for Ms. Diaz to use her van ramp in order to exit her vehicle, and it also lacks a sign indicating that the parking space is an accessible space. Doneraki has failed to repaint the parking area even though it would have been readily achievable and technically feasible to do so.

16. The Fulton Doneraki went through major renovations within the past four years. It was closed for months while it made renovations. It significantly altered the dining area, which is a primary function area.

17. During the period in which it was closed for renovations, the Fulton Doneraki added the private party room to the dining area. It did not make this room accessible, even though it would have been readily achievable and technically feasible to do so.

18. The Fulton Doneraki also made significant alterations to the entrance of the restaurant during the period in which it was closed for renovations. It re-constructed the entryway and added a porch, which is elevated about eight inches from the sidewalk. It did not make the entryway accessible when it constructed the porch, even though it would have been readily achievable and technically feasible to do so.

19. Since Ms. Diaz's visit in 2011, the Fulton Doneraki has put up a makeshift wooden ramp to the entrance of the restaurant. It is not up to ADA standards. It is about eight inches tall and 46 inches long, which is too steep for many people who use wheelchairs. The ramp has less than a 1:6 slope. The ADA requires a minimum 1:12 slope for any elevation over six inches, which means that the ramp should be at least eight feet long. ADAAG §4.1.6(3)(i). Therefore, it is not even half as long as it should be. It is also dangerous in that it is made of wood and is temporary and unstable.  It would be even more problematic in wet weather.



**Makeshift ramp at restaurant entrance**

20. There is currently no ramp or other means of access to the restrooms or to the private party room, even though installing a ramp is readily achievable and technically feasible.

CAUSES OF ACTION

I. Violations of Title III of the ADA

21. Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation." 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a).

22. The Fulton Doneraki is a public accommodation within the meaning of the ADA. Title III of the ADA requires public accommodation to be adapted, where readily achievable, in such a manner that the facility is readily accessible to, and usable by, individuals with mobility and physical disabilities.

23. ADAAG establishes standards to which public accommodations must conform in order to comply with the ADA. ADAAG applies to Doneraki because its Fulton Doneraki

7

restaurant underwent major alterations in the last five years to its dining area, which is an area of primary function.

24. All new construction must comply with the ADA. When an area of primary function is altered, the path of travel to the altered area, including parking and the entryway, and the amenities serving the altered area, such as the bathroom, must also be made accessible. ADAAG §4.1.6(2).

25. Doneraki also must follow ADAAG requirements because the modifications needed to create accessibility are readily achievable within the meaning of the ADA. 42 U.S.C. §12182(b)(2)(A)(iv).

26. The Fulton Doneraki fails to meet these ADAAG requirements:

   a. Section 4.3.2 (1) provides that "[a]t least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public." The Fulton Doneraki has neither accessible parking nor an accessible route to the restaurant. Defendant's lack of at least one accessible route does not comply with ADAAG and constitutes a violation of Title III.

   b. Section 4.3.2 (2) provides that "[a]t least one accessible route shall connect accessible . . . facilities, elements, and spaces that are on the same site." The entrance to the restaurant is not accessible and the party dining area and the restrooms are not accessible. Defendant's lack of at least one accessible route does not comply with ADAAG and constitutes a violation of Title III.

   c. Section 4.5.2 provides that "[c]hanges in [surface] level greater than ½ in (13 mm) shall be accomplished by means of a ramp that [is] compli[ant]." The ramp at the entrance to the restaurant is not compliant, and there are no ramps inside the restaurant despite the fact that there are three steps greater than ½ inch inside the restaurant.

II. Violations of Chapter 121, TAS, and TABA

27. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons

with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities available within the state." Tex.Hum.Res. Code §121.001.

28. Pursuant to the legislative mandate in TABA, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards ("TAS") to be the minimum guidelines for compliance with TABA, and therefore Chapter 121. The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

29. TABA applies to privately funded buildings or facilities defined as a "public accommodation" by 42 U.S.C. §12181, and its subsequent amendments. Tex.Gov't. Code §469.003(a)(4). The Fulton Doneraki is such a public facility.

30. Defendant's violations of §§4.3.1, 4.3.2, and 4.5.2 of ADAAG, as alleged above, also constitute violations of the corresponding sections of TAS §§4.3.1, 4.3.2, and 4.5.2.

31. Defendant's barriers have denied, and continue to deny, Ms. Diaz, because of her disabilities, and those like her, the opportunity to participate in or benefit from a good, service, or accommodation that is equal to that afforded other individuals, thus violating Chapter 121. Tex.Hum.Res. Code §121.001, *et seq.*

## RELIEF REQUESTED

### Injunctive Relief

32. Ms. Diaz will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA, Chapter 121, and TABA. Injunctive relief is necessary so she and all individuals with disabilities can access the Fulton Doneraki equally, as required by law, and to require Defendant to modify the building by widening inaccessible doors, installing ramps in compliance with federal and state, and otherwise providing accessible routes to and about the restaurant. Injunctive relief is also necessary to compel Defendant to restripe the

9

parking lot in order to add an accessible parking space.

### Declaratory Relief

33. Ms. Diaz is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Fulton Doneraki.

### Statutory Damages

34. Ms. Diaz is entitled to damages in the amount of at least $100 per violation of Chapter 121 by Defendant, pursuant to Tex.Hum.Res. Code §121.004(b). Because of the repetitious and egregious conduct of Defendant and because of its constant refusal to cease discriminating against Ms. Diaz on the basis of her disability, Ms. Diaz seeks $250 for each violation of the law as statutory damages.

### Attorneys' Fees and Costs

35. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

### PRAYER FOR RELIEF

THEREFORE, Ms. Diaz respectfully requests this Court award the following relief:

A. A permanent injunction, requiring Defendant to eliminate all barriers described herein that prevent Ms. Diaz from having access to the goods, services, facilities, and accommodations Defendant offers at the Fulton Doneraki; and enjoining Defendant from violating the ADA and Chapter 121 and from discriminating against Ms. Diaz and those similarly-situated, in violation of the law;

B. A declaratory judgment that Defendant's physical barriers have prevented, and continue to prevent, Ms. Diaz from accessing the Fulton Doneraki, in violation the ADA and Chapter 121;

C. Damages in the amount of at least $250 per violation of Chapter 121, pursuant to Tex.Hum.Res. Code §121.004(b);

D. Find that Ms. Diaz is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

E.  Grant such other and additional relief to which Plaintiff may be entitled in this action.

Dated: July 25, 2012.

                Respectfully submitted,

                /s/ Amin Alehashem_____
                Amin Alehashem
                State  Bar No. 24073832
                Joseph P. Berra
                State  Bar No. 24027144
                James C. Harrington
                State Bar No. 09048500

                TEXAS CIVIL RIGHTS PROJECT
                1405 Montopolis Drive
                Austin, Texas 78741-3438
                  (512) 474-5073 [phone]
                  (512) 474-0726 [fax]

                ATTORNEYS FOR PLAINTIFF