Case 4:12-cv-02238   Document 13   Filed in TXSD on 02/11/13   Page 1 of 4
Case 4:12-cv-02238   Document 11   Filed in TXSD on 01/14/13   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ORALIA DIAZ, | § |
| | § |
| Plaintiff | § |
| v. | § |
| | §  CIVIL ACTION NO. 4:12-cv-02238 |
| DONERAKI RESTAURANTS, INC., | § |
| | § |
| Defendant | § |

ORDER ENTERING PERMANENT INJUNCTION

Plaintiff, Oralia Diaz, developed polio at the age of three, and her mobility has decreased over the years. She used to be able to walk with some assistance, but for the past several years she has used a wheelchair to get around. Because of her condition, Ms. Diaz is a "qualified individual with a disability" within the meaning of the Americans With Disabilities Act, 42 U.S.C. §12102. Defendant is Doneraki Restaurants, Inc. ("Doneraki") and the restaurant at issue in this case (the "Fulton Doneraki Branch") is located at 2836 Fulton St., Houston, Texas, 77009.[1]

On July 25, 2012, after several requests to Fulton Doneraki's management to have the restaurant made accessible to her resulted in no response or action, Ms. Diaz sued Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, et seq. ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act ("TABA"), Tex.Gov't. Code §469, and Chapter 121 of the Texas Human Resources Code, Tex.Hum.Res. Code §121.001 et seq. ("Chapter 121").

---

[1] Doneraki Restaurants, Inc. currently operates three restaurants in the Houston area. Fulton Doneraki is the only location at issue in this case.

Defendant did not file a responsive pleading or otherwise defend the suit. Subsequently, this Court granted Plaintiff's motion for entry of default on December 5, 2012. *See* Docket No. 7.

Pursuant to Federal Rule of Civil Procedure 65(d), this Court now enjoins Defendant as follows:

### I. REASONS FOR ISSUANCE OF PERMANENT INJUNCTION:

A. Defendant, Doneraki, has three restaurants located in or around the Houston area. The Fulton Doneraki Branch, which is the specific restaurant at issue in this case, is located at 2836 Fulton St., Houston, Texas, 77009.

B. Defendant, a restaurant corporation, is a "public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7)(E).

C. Over the last four years, Doneraki has made significant alterations to the Fulton Doneraki Branch, including the addition of a private party room on the interior, a primary function area, and the addition of a porch on the exterior.

D. During this time, Ms. Diaz made several requests—in writing, over the phone, and in person—to Doneraki's management to have the Fulton Doneraki Branch made wheelchair-accessible.

E. Although it would have been readily achievable and technically feasible to make the parking lot, entrance, party room, and restroom accessible to Ms. Diaz, Defendant did not do so.

F. As a result, Defendant Doneraki violates Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12182(a) & 12183(a)(2). The specific violations include:

   1) Eight inches of steps to the entrance of the Fulton Doneraki Branch render it inaccessible to individuals who use wheelchairs.

2) A 3.5-inch step located within the Fulton Doneraki Branch separates the restaurant in half, making the rear of the restaurant, where the party room and restrooms are located, inaccessible to individuals who use wheelchairs.

3) A 6.5-inch and a 3.5-inch step located within the women's restroom at the Fulton Doneraki Branch render the stalls inaccessible to individuals who use wheelchairs.

4) The door and entryway to the bathroom of the Fulton Doneraki Branch do not meet the minimum width requirements of the ADA.

5) No accessible parking spots are provided at the Fulton Doneraki Branch for individuals who use wheelchairs.

G. Plaintiff, Oralia Diaz, is an individual with a disability who uses a wheelchair as her primary mode of transportation. She has suffered a real and concrete injury-in-fact and has suffered and will continue to suffer discrimination in the future if the Fulton Doneraki Branch remains inaccessible to her.

H. Because all the aforementioned architectural modifications are readily achievable under 42 U.S.C. § 12182(b)(2)(A)(iv) and also should have been made during the renovations to the entrance porch and party room under § 12183(a)(2), section 12188(a)(2) of the ADA requires an injunction remedying these violations. An injunction is necessary to ensure the main entrance, party room, restroom, and parking spaces are readily accessible to and usable by Ms. Diaz and to ensure she has "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" provided at the Fulton Doneraki Branch, as required by the ADA.

## II. TERMS OF INJUNCTION

A. "Readily accessible to and usable by" means in compliance with "standards set forth or incorporated by reference in regulations issued under" Title III of the ADA. 42 U.S.C.§ 12183(a)(1).

B. Defendant shall ensure that the entrance, party room, and restrooms at the Fulton Doneraki Branch are readily accessible to and usable by individuals who use wheelchairs on or before June 30, 2013.

C. Defendant is hereby enjoined from designing and constructing entrances and pathways within the dining area of the restaurant that are not readily accessible to and usable by Ms. Diaz.

## III. DETAILED ACTS REQUIRED

A. On or before June 13, 2013, the Fulton Doneraki Branch's parking lot, entranceway, party room, and restrooms now in existence shall be ramped, removed, altered, or modified in a manner complying with ADA standards.

B. All future renovations to the Fulton Doneraki Branch shall comply with Paragraphs II and III hereof.

Signed at Houston, TX on this 11th day of February, 2013.

Lee H. Rosenthal
United States District Judge