## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ORALIA DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2238 |
| | § | |
| DONERAKI RESTAURANTS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This order clarifies the damages, reasonable attorneys' fees, and costs that the defendant, Doneraki Restaurants, Inc., owes the plaintiff and her counsel.

On July 25, 2012, Oralia Diaz sued Doneraki Restaurants, Inc. (the "Restaurant") for violations of the Americans with Disabilities Act, the Americans with Disabilities Act Accessibility Guidelines, and the Texas Accessibility Standards. In addition to seeking injunctive and declaratory relief, Ms. Diaz also sought statutory damages, attorneys' fees, and costs. (Docket Entry No. 1).

Despite sufficient service, the Restaurant did not appear or respond. On November 6, 2012, Ms. Diaz moved for entry of default for injunctive relief and $750 for statutory damages, $3,780 for attorneys' fees, and $440 in costs. (Docket Entry No. 4). On November 8, 2012, the court issued an order noting that an answer or other responsive pleading had not been filed and that Ms. Diaz had moved for default. (Docket Entry No. 6). The Restaurant failed to appear.

On December 5, 2012, a default judgment was entered against the Restaurant. Ms. Diaz had filed the appropriate affidavits and exhibits substantiating her damages, attorneys' fees, and costs. The court, however, found that Ms. Diaz had not yet established entitlement to injunctive relief. The

court set a hearing for January 4, 2013. (Docket Entry No. 7). The hearing was held on January 14, 2013. Ms. Diaz's counsel appeared and explained the notice given to the Restaurant. At the court's request, Ms. Diaz's counsel telephoned the Restaurant to give additional notice of the hearing, without success. The court accepted Ms. Diaz's submissions and, on February 11, 2013, the court entered a permanent injunction against the Restaurant.

When Ms. Diaz attempted to file a writ of execution with the United States District Court for the Southern District of Texas, the Clerk of Court refused to accept it because the court's orders had not detailed the amounts of damages, fees, and costs awarded to Ms. Diaz. On May 12, 2014, Ms. Diaz asked the court to clarify the damages, fees, and costs. (Docket Entry No. 14). The Restaurant received notice of the request.

The permanent injunction remains. The damages, costs, and fees are imposed as follows.

A violation of the Texas Accessibility Standards triggers statutory liability under Texas Human Resources Code § 121.004. The statute when the complaint was filed provided a "conclusive presumption of damages in the amount of at least $100 to the person with a disability" for each violation. TEX. HUM. RES. CODE § 121.004(b) (1997).[1] Ms. Diaz sought statutory damages in the amount $750, $250 for each of three violations. As evidence of the Restaurant's egregious conduct, Ms. Diaz points to her repeated pleas to the Restaurant to accommodate her disability and the repeated refusal to stop the discriminatory conduct. The court finds and concludes that $250 in statutory damages should be awarded to Ms. Diaz for each violation. The Restaurant is ordered to pay $750 in statutory damages.

---

[1] On January 1, 2014, the statutory presumption was raised to $300 per violation.

The ADA allows the prevailing party a reasonable attorneys' fee, including litigation expenses, and costs. 42 U.S.C. § 12205. To evaluate the reasonableness of a prevailing party's fee submission, the court uses a two-step process. *Hopwood v. Tex.*, 236 F.3d 256, 277 (5th Cir. 2000); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate. *Id.* Second, the court considers whether the lodestar should be adjusted using the factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

The lead attorneys billed $225 per hour for 13.6 hours, which were spent planning, meeting with the client, drafting and editing the complaint, and drafting and editing the motion for default judgment. They seek a total of $3,060. A legal assistant spent 7.2 hours preparing the case at $100 an hour, for a total of $720. Ms. Diaz seeks a total of $3,780 in fees for 20.8 hours spent on this case. The court finds and concludes, based on the case law and its own experience, that the hourly rate and time spent were reasonable. The billing records show that law clerks did much of the work on this case, billing a total of 30 hours. The law clerks could have billed $125 per hour. *See League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. School Dist.*, 118 F.3d 1228, 1235 (5th Cir. 1997). These fees were waived, demonstrating billing justment. The court orders the Restaurant to pay Ms. Diaz $3,780 in attorneys' fees.

Finally, Ms. Diaz seeks $440 in costs, comprising the $350 filing fee and a bill to the company who served process for $90. The court awards these costs. *See Jones v. White*, No. H-03-cv-2286(LHR), 2007 WL 2427976, at *10–*11 (S.D. Tex. 2007) (Rosenthal, *J.*).

The court will enter an amended final judgment consistent with this order.

SIGNED on May 29, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge